FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 2008-7 |
| v. | ) | |
| | ) | |
| MITCHELL FRANCIS, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

ATTORNEYS:

**Delia L. Smith, AUSA**
St. Thomas, U.S.V.I.
        *For the plaintiff.*

**Pedro K. Williams, Esq.**
St. Thomas, U.S.V.I.
        *For the defendant.*

MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Mitchell Francis ("Francis"), to dismiss the indictment for alleged prosecutorial misconduct.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Francis and his former co-defendant, Atiba Brathwaite ("Brathwaite"), were indicted in February, 2008 on one count of conspiracy to possess and distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count of possession with

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 2

intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  A jury trial was held in April, 2008.  The record from that trial reflects, in brief, that Francis transported a controlled substance from Tortola, British Virgin Islands to St. Thomas, U.S. Virgin Islands aboard a vessel captained by a confidential law enforcement informant.

Before jury deliberations began, the Court granted Brathwaite's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 with respect to Count One, but denied the motion with respect to Count Two.  The Court also denied Francis's motion for judgment of acquittal with respect to both counts.  The jury found Brathwaite not guilty of the offense charged in Count Two and deadlocked on both counts with respect to Francis.  The Court subsequently found that manifest necessity required the declaration of a mistrial as to Francis.  A new trial date for Francis has since been scheduled.

Francis claims in his motion that law enforcement conduct exposed during his first trial requires dismissal of the indictment on due process grounds.[1]  The government has not filed

---

[1]  Normally, "a motion alleging a defect in instituting the prosecution" must be made before trial. *See* Fed. R. Crim. P. 12(b)(3)(A); *see also United States v. Pitt*, 193 F.3d 751, 760 (3d Cir. 1999) ("[T]he defense of outrageous government conduct is based on an alleged defect in the institution of the prosecution itself.").  However, such a motion may be raised after trial if "the evidence supporting the claim of outrageous

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 3

an opposition or any other pleading in response to Francis'

motion.

## II. <u>DISCUSSION</u>

"[A] criminal defendant may raise a due process challenge to

an indictment against her based on a claim that the government

employed outrageous law enforcement investigative techniques."

*United States v. Nolan-Cooper*, 155 F.3d 221, 230 (3d Cir. 1998)

(citing *United States v. Voigt*, 89 F.3d 1050, 1064 (3d Cir.

1996)).  However, that conduct must be shocking, outrageous and

clearly intolerable.  The Third Circuit has noted that, while the

"the 'shocking, outrageous, and clearly intolerable' standard

[is] lacking in 'mathematical precision,'" it "provides

sufficient guidance to courts attempting to assess whether

particular government conduct is fundamentally unfair and thereby

offends due process [and] how rare application of the Due Process

clause is in these circumstances." *Id.* at 231 (internal citation

omitted).  Even so, the Third Circuit has cautioned that

> we must necessarily exercise scrupulous restraint
> before we denounce law enforcement conduct as
> constitutionally unacceptable. . . . Unless the
> behavior of the [law enforcement] agents rose to the

_____

government conduct is not known to the defendant prior to trial."
*Pitt*, 193 F.3d at 760.  In this matter, Francis contends that he
did not know about the informant's involvement as a confidential
source before his first trial. *Cf. United States v. Neely*, 128
Fed. Appx. 865, 867-68 (3d Cir. 2005) (unpublished).

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 4

> level of outrageousness which would bar conviction, the
> conduct of agents of the executive branch who must
> protect the public from crime is more appropriately
> considered through the political process where
> divergent views can be expressed in the ballot box.

*United States v. Jannotti*, 673 F.2d 578, 607, 609 (1982) (en

banc).

## III. <u>ANALYSIS</u>

The allegedly outrageous law enforcement conduct of which

Francis complains begins with a confidential source agreement

that the government consummated with a confidential informant.

Francis asserts that, notwithstanding that agreement's

prohibition on the informant's participation in unlawful

activity, the government sent the informant to conduct a drug

transaction in Tortola, British Virgin Islands.

Francis's motion may be distilled into two main arguments.

First, Francis contends that the informant's stewardship of the

vessel that Francis used to transport narcotics, translates into

law enforcement control over a criminal enterprise.  Second,

Francis asserts that law enforcement's purported participation in

a criminal enterprise in the territory of a foreign sovereign[2],

constitutes a due process violation *per se*.

---

[2]  In his motion, Francis inaccurately refers to the British
Virgin Islands as a sovereign country.  The British Virgin
Islands is in fact an overseas territory of the United Kingdom,
the sovereign in question.

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 5

In support of his first argument, Francis relies most heavily on the decision of the Third Circuit in *United States v. Twigg*, 588 F.2d 373 (3d Cir. 1978).  In that case, the Drug Enforcement Agency (the "DEA") carried out an undercover investigation of two individuals.  Another individual, who had earlier pled guilty, "agreed to aid the [DEA] in apprehending illegal drug traffickers." *Id.* at 375.  The undercover informant and the two individuals under investigation subsequently agreed to set up a drug laboratory.  Law enforcement provided substantial help to the informant.  The individuals under investigation were arrested after the laboratory began producing drugs.  They were convicted of several drug-related offenses.  On appeal, the Third Circuit reversed the convictions, finding that the undercover informant "was completely in charge and furnished all of the laboratory expertise" and that "[a]ny production assistance provided by [the defendants] was minor and at the specific direction of [the informant]." *Twigg*, 588 F.2d at 376.

Francis's reliance on *Twigg* is misplaced.  In addition to being "the only case in which the Government's conduct has offended due process[,]"[3] *Lakhani*, 480 F.3d at 182, the facts

---

[3]  Indeed, three judges of the Third Circuit's en banc decision in *United States v. Jannotti*, 673 F.2d 578 (1982) (en banc), opined that *Twigg* should be directly overruled. *See id.* at 610 n.17.

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 6

presented in *Twigg* bear little, if any, resemblance to the facts

of this matter.  Furthermore, "in order for the claim of

outrageous government conduct to succeed, a government agent has

to initiate the criminal conduct with the goal of obtaining a

conviction and must draw the defendant into the illegal activity

to bring about that goal." *United States v. Pitt*, 193 F.3d 751,

761 (3d Cir. 1999) (citations omitted).

Here, Francis does not contend, nor does the record reflect,

that law enforc'ement instigated, or was substantially involved

in, unlawful activity. *See*, *e.g.*, *United States v. Nieman*, 520

F.3d 834, 838 (8th Cir. 2008) (finding no due process violation

where "the government did not direct or encourage [the

informant's] drug use; her misconduct can not be attributed to

the government"); *United States v. Pedroni*, 45 Fed. Appx. 103,

108 (3d Cir. 2002) (unpublished) (rejecting the defendant's due

process claim where "[t]he Government did not initiate the

criminal activity and [the defendant] actively and willingly

participated in it"); *United States Evans*, 941 F.2d 267, 270 (5th

Cir. 1991) (finding no due process violation where DEA agents

approached the defendant and offered to help him produce drugs,

called him to pursue the arrangement, supplied the expertise,

sold the equipment to the defendant, and supplied him with the

location for the laboratory); *see also United States v.*

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 7

*Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991) ("Due process is not violated unless the conduct is attributable to and directed by the government.").  Consequently, Francis's allegations do not bring him within *Twigg*'s narrow, fact-specific holding.

Francis's second argument is that his due process rights were violated when the government sent the informant to a foreign sovereign to participate in illicit activity without notifying or seeking permission from that sovereign.  Francis points to no authority to substantiate that argument.  The Court has unearthed no authority for such a proposition.

In *Hampton v. United States*, the Supreme Court stated that "[t]he limitations of the Due Process Clause of the Fifth Amendment come into play only when the Government activity in question violates some protected right of the *defendant*." 425 U.S. at 490 (emphasis in original).  Here, Francis does no more than claim that the government's conduct violated foreign law. Importantly, he does not allege that such conduct infringed his own rights.  That deficiency is fatal to his claim. *See*, *e.g.*, *United States v. Engler*, 806 F.2d 425, 429 (3d Cir. 1986) (rejecting a due process argument based on allegations of outrageous government conduct where the defendant "merely characterizes the undercover activities of the government as

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 8

outrageous; he fails to make even the requisite allegations that

'the Government activity in question violate[d] some protected

right of the *defendant*.'") (alteration and emphasis in original)

(quoting *Hampton*, 425 U.S. at 490).

    Even assuming Francis adequately alleged a due process

violation, as noted above, to show such a violation, "the

challenged conduct must be shocking, outrageous, and clearly

intolerable." *Pitt*, 193 F.3d at 761 (citation omitted).  A survey

of cases, in this circuit and others, provides certainty enough

that Francis's allegation falls far short of that very high

standard. *See*, *e.g.*, *Hampton v. United States*, 425 U.S. 484, 489

(1976) (finding no due process violation where law enforcement

supplied the contraband at issue in an investigation); *Rochin v.*

*California*, 342 U.S. 165 (1952) (vacating a conviction and

dismissing an indictment where law enforcement pumped the stomach

of a suspected drug trafficker to obtain incriminating evidence);

*United States v. Barbosa*, 271 F.3d 438, 469 (3d Cir. 2001)

(finding no due process violation where government agents helped

the defendant swallow drug pellets and smuggle them into the

United States, even though the defendant's "life was arguably

placed in danger by the Government's sting operation");

*Nolan-Cooper*, 155 F.3d at 234-35 (finding no due process

violation where a government agent had sexual intercourse with

*USA v. Francis, et al.*
Crim. No. 2008-07
Memorandum Opinion
Page 9

the defendant during an undercover sting operation); *United States v. Simpson*, 813 F.2d 1462, 1464-65 (9th Cir. 1987) (finding no due process violation where the government informant was a heroin-using prostitute whose own conduct was under investigation and who engaged in sexual intercourse with the defendant).

In short, the Court need not even "exercise scrupulous restraint," *Jannotti*, 673 F.2d at 607, in rejecting Francis's arguments because the conduct of which Francis complains quite clearly neither violates "fundamental fairness" nor is "shocking to the universal sense of justice." *See United States v. Russell*, 411 U.S. 423, 431-32 (1973).

## IV. <u>CONCLUSION</u>

For the reasons given above, Francis's motion to dismiss for alleged prosecutorial misconduct will be denied.  An appropriate order follows.

S\_____
        **CURTIS V. GÓMEZ**
         **Chief Judge**